UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA

    - v. -                                     **MEMORANDUM AND ORDER**

RUDY ACOSTA,                                19 Cr. 848 (NRB)
    a/k/a "Ruddy Acosta,"

                Defendant.
------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Relying mainly on a form letter proffering general reasons to release inmates because of the spread of the COVID-19 virus, Rudy Acosta, who had consented to detention and subsequently agreed to plead to a charge of narcotics conspiracy to violate 21 U.S.C. § 841(b)(1)(B) with a sentencing guidelines range of 84 to 105 months and who faces continued remand upon the entry of his plea (see 18 U.S.C. § 3143(a)), seeks release asserting that he is neither a risk of flight nor a danger to the community.  We address this application by a written memorandum and order given the limited access to in court proceedings at this time and the comprehensive written submissions.

      Rather than being a candidate for release, Acosta is a poster child for detention.  We begin with the fact that there is a statutory presumption that there are no conditions to support release.  Even without the presumption, he is clearly a risk of flight.  He is facing certain detention upon the entry of his plea

and a minimum guidelines sentence of 7 years. He has violated conditions of release before as outlined in the Government's letter of March 24, 2020. See ECF 13 at 3. There is no reason to trust him more now. As for the safety of the community, once again, even apart from the presumption, prior to his arrest on this case, he had been convicted of four felonies. Upon the entry of the agreed upon plea, he would be convicted of five felonies.

In short, the defendant has not remotely overcome the presumption. Moreover, given the general nature of the bail application, acceptance of the argument that this defendant should be released given the COVID-19 virus would logically result in the wholesale release of inmates. The Court does not accept the proposition that such a result is either better for the inmate or for society more broadly.

Having fully considered the factors informing a decision on release and detention set out in 18 U.S.C. § 3142, the application for bail is denied.

**SO ORDERED.**

Dated: New York, New York
March 25, 2020

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE